**MANDATE**

19-cv-3920(NSR)

24-1195-cv
McKinney v. County of Dutchess

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of May, two thousand twenty-five.

PRESENT:
    GERARD E. LYNCH,
    MICHAEL H. PARK,
    BETH ROBINSON,
        *Circuit Judges.*

_____

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Jul 30, 2025

**Stephanie McKinney,**

       *Plaintiff-Appellant,*

      v.                              24-1195

**County of Dutchess,**

       *Defendant-Appellee,*

MANDATE ISSUED ON 07/30/2025

**Sheriff Adrian Anderson, in his personal and official capacity, State of New York, Dutchess County Sheriff Department,**

      *Defendants.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | STEPHANIE MCKINNEY, pro se, Poughkeepsie, NY. |
| **FOR DEFENDANT-APPELLEE:** | KIMBERLY HUNT LEE, Sokoloff Stern LLP, Poughkeepsie, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Nelson S. Román, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Stephanie McKinney, a former employee of the Dutchess County Sheriff's Department, sued Dutchess County under Title VII of the Civil Rights Act ("Title VII"), the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1981, and 42 U.S.C. § 1983. The district court granted the County's motion to dismiss McKinney's second amended complaint. *McKinney v. Cnty. of Dutchess*, No. 19-CV-03920, 2024 WL 1376499 at *3–12 (S.D.N.Y. Mar. 31, 2024). McKinney, now proceeding pro se,

2

appeals this dismissal. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

"We review *de novo* the district court's dismissal for failure to state a claim under Rule 12(b)(6)." *VIZIO, Inc. v. Klee*, 886 F.3d 249, 255 (2d Cir. 2018).

**I.    Equal Protection**

To state an equal protection claim under § 1983, a "plaintiff must allege that similarly situated persons have been treated differently." *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 193 (2d Cir. 1994). "[B]ald allegations" that a municipality showed preferential treatment to one group over another do not suffice. *Id.*

McKinney's second amended complaint alleged that non-black employees received more generous treatment than she. But most of the employees that the complaint referenced committed some form of misconduct. Those employees thus were not similarly situated to McKinney, who alleges she was ordered to return to work too quickly after an injury.

McKinney's complaint also alleged that some white officers were allowed more time to recover from their injuries before returning to work. But McKinney provides no detail as to the nature of the injuries sustained by those officers or the length of their recovery periods. These allegations thus do not nudge McKinney's

3

Case 7:19-cv-03920-NSR   Document 74   Filed 07/30/25   Page 4 of 8

claim "across the line from conceivable to plausible."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## II.  Title VII

### a.  Racial Discrimination

To state a Title VII discrimination claim absent direct evidence of discrimination, a plaintiff must plausibly allege that she "(1) is a member of a protected class, (2) was qualified, (3) suffered an adverse employment action, and (4) has at least minimal support for the proposition that the employer was motivated by discriminatory intent."  *Buon v. Spindler*, 65 F.4th 64, 79 (2d Cir. 2023) (cleaned up).

McKinney failed to plead facts showing a plausible inference of discrimination.  As with her equal protection claim, McKinney's Title VII claim did not describe how she was treated differently than similarly-situated white employees.[1]  Her complaint therefore did not create a plausible inference that any alleged adverse employment actions were the result of racial discrimination.

---

[1] *See Feingold v. New York*, 366 F.3d 138, 159 (2d Cir. 2004) ("Once action under color of state law is established, [a plaintiff's] equal protection claim parallels his Title VII claim.  The elements of one are generally the same as the elements of the other and the two must stand or fall together." (footnote omitted)).

### b.   Hostile Work Environment

To survive a motion to dismiss on a hostile work environment claim under Title VII, a plaintiff must allege conduct that "(1) is objectively severe or pervasive—that is, creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's [protected class]." *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (cleaned up).  "[A] work environment's hostility should be assessed based on the totality of the circumstances." *Id.* (quotation marks omitted).  "Factors that a court might consider in assessing the totality of the circumstances include: (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is threatening and humiliating, or a mere offensive utterance; and (4) whether it unreasonably interferes with an employee's work performance." *Id.* (quotation marks omitted).

McKinney claims that she was aggressively questioned about her health while she was on unpaid sick leave.  But McKinney's second amended complaint provided no detail about how often this occurred, the content of these conversations, or the duration of the conduct.  So McKinney has not alleged facts

5

showing that any harassment was sufficiently severe and pervasive to state a claim under Title VII.

### c. Retaliation

"To state a claim for retaliation in violation of Title VII, a plaintiff must plead facts that would tend to show that: (1) she participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging her; and (3) there exists a causal connection between the protected activity and the adverse action." *Patane*, 508 F.3d at 115.

McKinney alleges that she complained about discrimination and unfair treatment of black officers to her supervisors. But her second amended complaint did not allege to whom she complained, how often she did so, or when she made these complaints. She also made only a bare assertion that her termination was because of her complaints. McKinney thus failed to allege facts showing a plausible connection between any protected activity and her termination.

### III. § 1981

As relevant here, § 1981 claims of racial discrimination are analyzed under the same standard as Title VII claims of discrimination. *See Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010). The district court properly dismissed

6

McKinney's § 1981 claim for the same reasons that it properly dismissed McKinney's Title VII discrimination claim.

## IV. ADA

To establish a prima facie case under the ADA, a claimant must sufficiently allege that "(1) plaintiff's employer is subject to the ADA; (2) plaintiff was disabled within the meaning of the ADA; (3) plaintiff was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) plaintiff suffered an adverse employment action because of her disability." *Jacques v. DiMarzio, Inc.*, 386 F.3d 192, 198 (2d Cir. 2004).

McKinney's second amended complaint did not adequately allege that she was qualified to perform the essential functions of her job as a corrections officer. It did not describe McKinney's pre-injury job functions or explain how she was able to perform those functions.

\* \* \*

We have considered McKinney's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court. McKinney's motion for an appeal of the district court's decision and for monetary relief is **DENIED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

8